T.C. Summary Opinion 2007-167

UNITED STATES TAX COURT

ROBERT THOMAS WALTERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22282-05S.          Filed September 24, 2007.

Robert Thomas Walters, pro se.

Catherine S. Tyson, for respondent.

FOLEY, Judge:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

case.  The issue for decision is whether petitioner is entitled to deductions for car and truck expenses relating to 2002.

## Background

Petitioner operated a home remodeling business, RTW Contracting.  He frequently drove to numerous job sites in his truck, which he used primarily for business purposes.  Petitioner maintained job worksheets on which he recorded the date, job site location, names of employees working at the site, work performed, and total number of miles petitioner drove to and from the site.

On his 2002 Schedule C, Profit or Loss From Business, petitioner deducted car and truck expenses of $10,878, based on the 2002 standard mileage rate of 36.5 cents per mile for 29,803 business miles.  On August 25, 2005, respondent issued petitioner a notice of deficiency denying, due to lack of substantiation, petitioner's deduction.

On November 23, 2005, while residing in St. Louis, Missouri, petitioner filed his petition with the Court.

## Discussion

Section 162 allows a deduction for all ordinary and necessary expenses paid or incurred in carrying on a trade or business.  Pursuant to section 274(d), however, certain business expenses are subject to stricter substantiation requirements. Section 274(d) provides that no deduction shall be allowed with respect to any listed property defined in section 280F(d)(4),

unless the taxpayer substantiates: The amount of the expense, the time and place of the use of the property, the business purpose of the expense, and the business relationship to the taxpayer of the property used. A taxpayer may opt to use the standard mileage rate to calculate his business expense mileage deduction. Sec. 1.274-5(j)(2), Income Tax Regs. This method does not, however, relieve the taxpayer of the requirement to substantiate the business mileage and the business purpose of each use. Id.

Petitioner's truck is a passenger automobile, which is listed property pursuant to section 280F(d)(4)(A)(i) and (5)(A). Petitioner contends that his job worksheets, listing a total of 2,683 miles, and his truck log, listing an additional 27,120 miles, properly account for all of his 2002 business mileage. Respondent concedes that the job worksheets meet the requirements of section 274(d), but contends that the additional mileage set forth in petitioner's truck log does not meet the requirements of section 274(d). Petitioner contends that the truck log supplements the job worksheets. The truck log, however, does not provide any information relating to the places to which petitioner drove or the business purpose for the trips. Moreover, the truck log is not credible evidence. When questioned about miles he allegedly drove on Thanksgiving, petitioner admitted that the entry was "probably a mistake". In

short, petitioner has not met the substantiation requirements of section 274(d).  Section 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985), provides that a taxpayer shall not be allowed a deduction based on approximation or the taxpayer's unsupported testimony.  Accordingly, we hold that petitioner is entitled to a mileage deduction limited to the miles set forth on the job worksheets.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.